IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVELLE SPENCER, ) | | |
| Plaintiff, ) | No. 08 C 0262 | |
| ) | | |
| v. ) | JUDGE HART | |
| ) | | |
| CITY OF CHICAGO, Et. al., ) | MAGISTRATE NOLAN | |
| Defendants. ) | | |

**DEFENDANTS' AMENDED JOINT MOTION TO DISMISS**

Defendants Donna Walsh, Clinton Sebastian, Sgt. Stephen, and Defendant City of Chicago, by their attorney, Joel G. Sandoval, Assistant Corporation Counsel for the City of Chicago, and pursuant to Federal Rule of Civil Procedure 12(b)(6) respectfully request this Court to dismiss plaintiff's complaint with prejudice. In support of this motion, Defendants state the following:

**STATEMENT OF THE CASE**

On March 17, 2008, Plaintiff, Mr. Spencer, filed a complaint naming Chicago Police Officers Walsh and Sebastian in paragraph # 1, an unknown investigator in paragraph # 2, Sgt. Stephan Piertzak in paragraph # 3, and the City of Chicago in paragraph # 4. Paragraph #1 (Count I) alleges "Police Misconduct". *See* Doc. 7. Specifically, Spencer states he was detained and deprived of his freedom when Officer Walsh and Sebastian planted evidence and gave false testimony. *Id.* Spencer's claim in paragraph # 1 is a Section 1983 False Arrest claim. Paragraph # 2 (Count II) alleges "Chicago Police Department Police Misconduct/corruption". *Id.* The Chicago Police Department has been dismissed in Paragraph # 2 as "a police department is not a suable entity." *See* Doc 6. However, as it relates to the City of Chicago, Plaintiff fails to make a

1

cognizable constitutional claim. Paragraph # 3 (Count III) alleges "Negligence Investigation - Duty Corruption: City of Chicago Department of Police". *See* Doc. 7. Spencer names Sgt. Stephen Piertzak as a defendant. Paragraph # 3 fails to allege any constitutional violation against Sgt. Stephan Piertzak but Spencer reaffirms his "Complaint of false arrest on officers Sebastian # 10342, Walsh # 5273." *Id.* To the extent paragraph # 3 extends to the "Department of Police," as the title states, it has been dismissed pursuant to Court order. *See* Doc. 6. Paragraph # 4 (Count IV) alleges a claim against the City of Chicago for Employee Liability, Harassment. *See* Doc. 7. Specifically, Spencer alleges that Officers are trained by the City of Chicago. Officer Walsh and Sebastian took Spencer's freedom without cause. Spencer's arrest caused him to be incarcerated at Cook County Jail, subjecting him to inadequate living conditions. The allegation inferred in paragraph # 4 is that the City of Chicago is liable for the misconduct of its employees. The misconduct that Spencer describes if paragraph # 4 is a claim for false arrest and the City of Chicago is therefore liable via the doctrine of *Respondeat Superior.*

On December 20th, 2006, Spencer was arrested and charged with one count of burglary. On September 17, 2007, Spencer was found guilty for his arrest and charge of burglary before Circuit Court Judge John A. Wasilewski. On March 14, 2008, Spencer was sentenced to 12 years in the Illinois Department of Corrections. On March 17, 2008, Spencer filed this lawsuit. Spencer's finding of guilty renders his cause of action on Count I, false arrest, under 42 U.S.C. § 1983 not cognizable, unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Thus, this Court should dismiss with prejudice the false arrest claim alleged in Count I and in favor of the Defendants as a matter of law.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Triad Associate v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all of the well-pleaded factual allegations contained in the complaint will be accepted as true and construed in the light most favorable to the plaintiff. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir.2000), *Doherty v. City of Chicago*, et. al., 75 F.3d 318, 322 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff cannot prove any set of facts upon which relief could be granted. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).

**ARGUMENT**

I.  **Plaintiff cannot bring a § 1983 claim for false arrest because plaintiff's underlying conviction has not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**

In his complaint, plaintiff contends that he was falsely arrested on December 20, 2006, in violation of 42 U.S.C. § 1983. Spencer was charged by arresting Officers Walsh and Sebastian for burglary. The transcript in the underlying criminal matter shows that plaintiff was found guilty stemming from the same incident and arrest on December 20, 2006. A certified statement of disposition in *People of the State of Illinois v. Develle Spencer*, 06114818401, shows that on September 17, 2007, Spencer was found guilty of one count of burglary in violation of 720 ILCS 5/19-1-A, a class II felony. *See* Exhibit # 1. Spencer's claim for false arrest is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits a convicted individual from seeking damages under 42 U.S.C. § 1983 on any theory that implies the individual's conviction was

invalid, without first getting the conviction reversed, expunged, invalidated, or impugned by the grant of habeas corpus.

In *Heck*, the court held "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 486-487. Thus, a claim for damages by a plaintiff where his/her conviction or sentence has not been invalidated is not cognizable under section 1983. The issue in *Heck* was whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983. *Id.* at 478. The Heck court analogized a section 1983 wrongful conviction or imprisonment claim to the common law tort of malicious prosecution, where the cause of action for malicious prosecution does not accrue until the criminal proceedings have been terminated in the plaintiff's favor. *Id* at 484. The requirement of having plaintiff prove that the prior criminal proceeding has been invalidated is rooted in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same identical transaction." *Id.* The rule is intended to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." *Id.* Therefore, the court in *Heck* denied the existence of a cause of action under section 1983 where the conviction or sentence had not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Id.* at 489.

In applying the *Heck* analysis, this court may take judicial notice of Spencer's conviction. In considering a motion to dismiss, a court may take judicial notice on public record. *Palay v.*

*U.S.*, 349 F.3d 418, 422 (7th Cir. 2003). The court may do so without converting the motion to dismiss into a motion for summary judgment. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1994); citing, *Mack v. South Bay Beer Distribution Co.*, 798 F.2d 1279, 1282 (7th Cir. 1986). If this court found in favor of plaintiff on the false arrest claim, it would necessarily invalidate his precedent criminal conviction and sentence. An appellate court has not reversed this criminal conviction; nor has Spencer received any other indication, from any other source, that this conviction has been set aside. Spencer was sentenced to the Illinois Department of Corrections. Completion or fulfillment of any subsequent obligations regarding Spencer's sentence does not reversed, expunged, or invalidated the conviction. Because Spencer has failed to get his conviction reversed, invalidated, or expunged, his claim of false arrest is not cognizable under 42 U.S.C. § 1983. Accordingly, Spencer's section 1983 claim for false arrest should be dismissed.

 **II.** **Plaintiff cannot bring a § 1983 for police "misconduct/corruption" claim against the Chicago Police Department.**

  In paragraph II (Count II) Spencer alleges a claim for "police misconduct/corruption" against the Chicago Police Department. *See* Doc. 7. The Chicago Police Department has been dismissed pursuant to a Court order since the Chicago Police Department is not a suable entity. *See* Doc 6. As this claim relates to the City of Chicago, it should be dismissed because Plaintiff fails to allege any constitutional violation and any state law claim would be barred by the statute of limitations.

  Spencer alleges that he was deprived a phone call to the Office of Professional Standards (O.P.S.) by an unidentified "Investigating Officer." Spencer further alleges that the "booking

officer" deprived him of a phone call for two full days.  The issue is whether Spencer has a constitutional right to a phone call.

In Count II, Spencer outlines his desire to first contact O.P.S. and later to contact his father to "relay the message of police misconduct/corruption, that this police dept. refuse to let me make a phone call and has put a case on me." *See* Doc. 7.  Liberally interpreted, Spencer desires to contact O.P.S. to file a complaint and desires his father to relay his message to O.P.S.  The Sixth Amendment provides an individual right to counsel for his/her defense.  The Seventh Circuit has held that there is no Sixth Amendment right "to place a phone call, be it to an attorney of family members." *Sapp v Higgins,* 1996 WL 26877 (N.D. Ill., 1996) citing *State Bank of St. Charles v. Camic,* 712 F. 2d 1140, 1145 (7th Cir. 1983).

In *Sapp*, a pro se plaintiff complained that two Chicago Police Officers violated his Sixth Amendment right to counsel and his *Miranda* rights were violated when defendants denied him a lawyer after he asked to have a lawyer present and asked to make a phone call. *Id.*  The court held there is no Sixth Amendment right "to place a phone call, be it to an attorney of family members." *Id.*  The court when on to state that the Plaintiff "had no constitutional entitlement to an attorney during his interrogation because the police had not yet filed formal charges against him." *Id.*  Similarly, in *Johnson v Cornelison*, the plaintiff alleged that his right constitutional rights had been violated when he was denied access to a phone call and an attorney. *Johnson v. Cornelison*, N.D. Ill. at *5, 1993, Not Reported in F. Supp., 1993 WL 87735 (N.D.Ill.).  The court in Johnson stated that "the sixth amended right to an attorney, and the concomitant right to make a phone call to an attorney, does not attach until at or after the initiation of adversary criminal proceedings-whether by way of formal charge, preliminary hearing, indictment,

information, or arraignment." *Id.* citing *Kirby v Illinois*, 406 U.S. 682, 684 (1972). Because Johnson had yet to be formally booked at the time of his interrogation, the right to counsel had not yet attached. *Id.*

In this matter, Spencer alleges in count II that an "investigating officer-civilian clothes mild attempt to interrogate plaintiff admonishing him (Mr. Spencer) of the charges being brought against him." *See* Doc. 7. The interrogation occurred, by Spencer's own admission, before being taken to the booking area when he states "while waiting to be taken to booking and immediately after Investigator's denial of my phone call, I, the plaintiff requested for a, "white-shirt", (a supervisor)." *Id.* Spencer alleges that a phone call was denied for two full days forcing him to "get ill" and transported to Holy Cross hospital where he requested the physician to call and relay the message of police misconduct to his father. *Id.*

Applying the findings in *Sapp* and *Johnson* to this matter, Plaintiff has failed to allege a constitutional violation. There cannot be a Sixth Amendment violation because Spencer never requested to speak to an attorney. Here, Spencer requested to call O.P.S., an agency charged with investigating complaints of police misconduct. Even under the most liberal interpretation that a call to O.P.S. is similar to one's Sixth Amendment right to counsel, it still would not apply since right to counsel applies "at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty. *Rothgery v. Gillespie County*, Tex. U.S., 2008, S.Ct., 2008 WL 2484864 (U.S.). Spencer was brought before a judicial officer for the first time on December 22, 2006 where the court entered a finding of probable cause. *See* Exhibit #1. At this time, Spencer's right to counsel attaches. Since Spencer only requested to speak to O.P.S., the Sixth Amendment does not apply. Even assuming

7

that the right to counsel did apply, it did not attach until an adjudicatory proceeding was commenced on December 22, 2006. Therefore, Count II should be dismissed as a matter of law.

### III. Plaintiff cannot bring a § 1983 claim for "Negligent Investigation - Duty, Corruption" against the Chicago Police Department .

In paragraph III (Count III) Spencer alleges negligence on the part of Sgt. Stephan Piertzak of the Chicago Police Department. Specifically, Spencer alleges that Sgt. Piertzak did not investigate his complaint to his "best interest". Thus, Sgt. Piertzak was negligent in his investigation regarding Spencer's complaint. Assuming this claim is against the Chicago Police Department as Spencer's title to paragraph # 3 instructs, this claim has been dismissed pursuant to a Court order since the Chicago Police Department is not a suable entity. *See* Doc 6.

Taking a more liberal interpretation of paragraph # 3, Spencer alleges a negligence claim against Sgt. Stephan individually. Spencer does not allege any Section 1983 constitutional violation against Sgt. Piertzak. Assuming, as we must, that Spencer is alleging the state law claim of negligence, it would be barred by the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et. seq*, for three reasons.

Firstly, under the Illinois Tort Immunity Act, a police officer is not liable for failure to provide police service or, if service is provided, for failure to provide adequate police service. *Local Governmental and Governmental Employees Tort Immunity Act*, 745 ILCS 10/4-102. Secondly, "a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." *Id.* at 745 ILCS 10/2-202. Lastly, "no civil action may be commenced in any court against a local entity or any of

8

its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id.* at 745 ILCS 10/8-101.

Count III of Spencer's complaint should be dismissed since Sgt. Piertzak is not required and does not have a duty to provide adequate police service under the Illinois Tort Immunity Act. Furthermore, Spencer must allege willful and wanton conduct and not mere negligence. Spencer does not plead willful and wanton conduct in Count III and dismissal is appropriate as a matter of law. Finally, Spencer's claim is barred by the statute of limitations. Spencer was arrested on December 20, 2006 while his claim was filed March 17, 2008. Illinois law requires that cases against public employees must be filed within one year of the date of occurrence. That has not happened here. Assuming that Spencer's injury occurred as a result of Sgt. Piertzak negligence, it is still time-barred as the investigation occurred "in the early parts of Feb. 2007" at Cook County Jail. *See* Doc 7, ¶ 3. Since the complaint was not filed until March 17, 2008, it is time-barred and should be dismissed as a matter of law.

> IV. **The City of Chicago cannot be held liable under Section 1983 on a *Respondeat Superior* theory.**

Spencer alleges in paragraph # 4 (Count IV), a *Respondeat Superior* claim against the City of Chicago. A municipality cannot be held liable under Section 1983 based on a *Respondeat Superior* theory. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Count IV alleges a claim for *Respondeat Superior* liability against the City of Chicago if the Defendant Officers are found liable for any state law claims. Spencer's state law claim of negligence should be dismissed as stated above. Thus, Count IV should be dismissed as a matter of law since Spencer has not alleged any cognizable state law claims.

9

Assuming that Spencer's section 1983 claim for false arrest is also interpreted to include a state law claim for false arrest, it would be barred by the statute of limitations. Spencer alleges that he was falsely arrested on Dec 20, 2006 and this action was not brought until March 17, 2008. As a state claim for false arrest, Spencer has one year to file his complaint as required by the Illinois Tort Immunity Act. "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id.* at 745 ILCS 10/8-101. Thus, a state law claim for false arrest would fail as a matter of law.

## **CONCLUSION**

Spencer's guilty verdict, conviction, and sentence to his arrest of burglary bars his section 1983 claim for false arrest unless and until said conviction is set aside or invalidated. Because Spencer has failed to get his conviction reversed, expunged, or invalidated, his false arrest claim in Count I in not cognizable under section 1983. Count II should be dismissed as a matter of law since the Sixth Amendment right to counsel cannot be invoked when Spencer requested to call O.P.S. during the investigatory process of his arrest. Count III should be dismissed as a matter of law since; (1) Spencer names the Chicago Police Department, a non-suable entity, in his title for Count II, (2) Under the Illinois Tort Immunity Act, a police officer does not have a duty to provide adequate service to Spencer, (3) Spencer has alleged mere negligence and not willful and wanton conduct as required by the Illinois Tort Immunity Act, and (4)the state law claim of negligence is time-barred as this action was filed well after the one year required by the Illinois Tort Immunity Act. Count IV should be dismissed as a matter of law since the City of Chicago

cannot be held liable under section 1983 based on a *Respondeat Superior* theory and any state claim, whether stated or inferred, is barred by the statute of limitations.

WHEREFORE, Defendants Donna Walsh, Clinton Sebastian, Sgt. Stephen, and Defendant City of Chicago respectfully pray this court grant their motion to dismiss Spencer's complaint with prejudice.

Respectfully submitted,

/s/   Joel G. Sandoval
Joel G. Sandoval
Assistant Corporation Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 1400
Chicago IL., 60602
Atty. No 06290664