acc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVELLE R. SPENCER, a/k/a<br>Develle Redmond Spencer,<br><br>             Plaintiff,<br><br>v.<br><br>OFFICER WALSH, #5273,<br>OFFICER SEBASTIAN, #10342,<br>STEPHEN T. PIERTZAK, and<br>CITY OF CHICAGO,<br><br>             Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 08 C 0262 |

## **OPINION AND ORDER**

Plaintiff Develle Spencer alleges that Chicago police officers arrested him without probable cause and planted evidence on him that had been taken from a different detainee. He also contends that another officer conducted an insufficient internal investigation of his complaint regarding the arresting officers' conduct. Named as defendants are the two arresting officers, Donna Walsh and Clinton Sebastian, and the officer who conducted the investigation, Sergeant Stephen Piertzak. The City of Chicago is also a defendant. Plaintiff's remaining

claims are a federal false arrest claim against Walsh and Sebastian and a state law claim against Piertzak based on his investigation of the internal complaint. There is an indemnity claim against the City and the parties dispute whether there is a pending official liability ("*Monell*") claim against the City based on the false arrest. Presently pending is defendants' motion for summary judgment.

It is undisputed that plaintiff went to trial on the burglary charges related to his arrest and that he was found guilty in a bench trial. The conviction was affirmed on appeal. It is undisputed that the only two witnesses who testified at the trial were an employee of the burglarized shop and Sebastian. The employee identified the stolen goods; he did not testify regarding who stole the goods. Sebastian's testimony was the basis for identifying plaintiff as the perpetrator. The trial judge expressly credited Sebastian's testimony that he saw Spencer climb out of a broken window of the shop and place goods in a garbage can.

A false arrest claim fails if the officer had probable cause to arrest. *Mucha v. Vill. of Oak Brook*, ___ F.3d ___, 2011 WL 489617 *2 (7th Cir. Feb. 14, 2011). Defendants cite *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)), for the proposition that "a plaintiff's previous conviction collaterally estops the plaintiff from reasserting a

lack of probable cause." *Currier* stated this rule without limitation and some later cases have cited it as such. *See, e.g.*, **Robinson v. Lother**, 2006 WL 418664 *5 (N.D. Ill. Feb. 15, 2006). Other cases, however, have noted that the ordinary collateral estoppel rules of the court of conviction still apply including, in Illinois, that the issue in question was actually determined in the prior litigation and was essential to the outcome. *See* **Lang v. City of Round Lake Park**, 87 F. Supp. 2d 836, 843 (N.D. Ill. 2000); **Crandall v. City of Chicago**, 2000 WL 705987 *2 (N.D. Ill. May 22, 2000); **Patterson v. Leyden**, 947 F. Supp. 1211, 1217 & n.1 (N.D. Ill. 1996). The present case does not require that the boundaries of the rule set forth in *Currier* be fully explicated. One corollary rule is that when "the conviction is premised entirely on the testimony of the arresting officer concerning his observations, 'proof of the crime is *ipso facto* proof of probable cause.'" **Lang**, 87 F. Supp. 2d at 843 (quoting **Patterson**, 947 F. Supp. at 1217). *Accord* **Thayer v. Chiczewski**, 2010 WL 1336537 *5 (N.D. Ill. March 31, 2010); **Quinn v. Cain**, 714 F. Supp. 938, 941 (N.D. Ill. 1989). Since it is uncontested that Spencer's conviction was based on the testimony of Sebastian that also supports the existence of probable cause, Spencer is estopped from contending that probable cause for his arrest was lacking.

Plaintiff seeks to distinguish the above line of cases by contending there is evidence that Sebastian was motivated to arrest plaintiff based on the improper motivation that plaintiff had not been sufficiently punished for prior burglary arrests. Probable cause is an objective standard based on the information known to the officer at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011); *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010); *Carmichael v. Vill. of Palatine, Ill.*, 605 F.3d 451, 457 (7th Cir. 2010). "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck*, 543 U.S. at 153. An arrest is not invalid because the arresting officer was maliciously motivated. *Id.* at 154; Mucha, ___ F.3d at ___, 2011 WL 489617 at *3. "Subjective intent of the arresting officer, however it is determined (and of course subjective intent is always determined by objective means), is simply no basis for invalidating an arrest. Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." *Devenpeck*, 543 U.S. at 154–55. *See also Jackson*, 627 F.3d at 638; *Carmichael*, 605 F.3d at 457; *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Sebastian's purported motivation is irrelevant to the existence of probable cause.

Plaintiff is estopped from denying that probable cause existed to arrest him. Plaintiff's false arrest claim will be dismissed.

The parties dispute whether plaintiff has adequately raised a "*Monell*" claim against the City. It is unnecessary to decide that issue. Since plaintiff cannot show that he was arrested without probable cause, he has no basis for holding the City liable for a constitutional violation even if his arrest was pursuant to or caused by a policy of the City. Any remaining federal claim against the City will be dismissed.

In his *pro se* Complaint, which was not subsequently amended following the appointment of counsel, plaintiff labeled his claim against Piertzak as "Negligence Investigation--Duty--Corruption." Citing *Maddie v. Siebel Sys., Inc.*, 2004 WL 2515827 *5 (N.D. Ill. Nov. 5, 2004) (citing *Jones v. Britt Airways, Inc.*, 622 F. Supp. 389, 394 (N.D. Ill. 1985)), Piertzak contends Illinois law does not recognize a claim for negligent investigation. Now represented by counsel, plaintiff contends he has a claim against Piertzak because he had a statutory duty to investigate citizen complaints and a special relationship existed based on plaintiff having submitted a request for such an investigation. Under federal pleading rules, plaintiff is not limited to nor bound by the legal characterizations

of his claims contained in the Complaint; a claim is stated as long as the facts alleged would support relief. *See McCullah v. Gadert*, 344 F.3d 655, 659 (7th Cir. 2003); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1007 n.8 (E.D. Wis. 2010).

No opinion is expressed as to whether Illinois law permits a claim against a police officer for failing to adequately investigate a citizen complaint against another officer nor, if so, whether plaintiff adequately shows that Piertzak's investigation was deficient. All the federal claims are being dismissed from this case. This court will exercise its discretion to decline to continue to exercise supplemental jurisdiction over the pendent party claim against Piertzak. *See* 28 U.S.C. § 1367(c)(1) & (3). The claim against Piertzak, as well as the related indemnity claim against the City, will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [62] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice except that the state law claim against

of his claims contained in the Complaint; a claim is stated as long as the facts alleged would support relief. *See McCullah v. Gadert*, 344 F.3d 655, 659 (7th Cir. 2003); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1007 n.8 (E.D. Wis. 2010).

No opinion is expressed as to whether Illinois law permits a claim against a police officer for failing to adequately investigate a citizen complaint against another officer nor, if so, whether plaintiff adequately shows that Piertzak's investigation was deficient. All the federal claims are being dismissed from this case. This court will exercise its discretion to decline to continue to exercise supplemental jurisdiction over the pendent party claim against Piertzak. *See* 28 U.S.C. § 1367(c)(1) & (3). The claim against Piertzak, as well as the related indemnity claim against the City, will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [62] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice except that the state law claim against

defendant Stephen Piertzak and the related indemnity claim against defendant City of Chicago are dismissed without prejudice for lack of subject matter jurisdiction.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 6 , 2011